Daniel L. Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Attorneys for Plaintiff,
Nina Travis

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# [SAN FRANCISCO DIVISION]

| | |
|---|---|
| NINA TRAVIS, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>G4S SECURE SOLUTIONS USA, INC.<br><br>  Defendant. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:<br><br>1. Discrimination in Violation of Cal. Govt. Code § 12940, et. seq. (Medical Condition/Disability)<br>2. Failure to Engage in the Interactive Process in Violation of Cal. Govt. Code § 12940, et. seq.<br>3. Failure to Accommodate in Violation of Cal. Govt. Code § 12940, et. seq.<br>4. Wrongful Termination in Violation of Public Policy<br><br>**REQUEST FOR PUNITIVE DAMAGES** |

Plaintiff alleges:

## PARTIES

1. Plaintiff NINA TRAVIS, (hereinafter "Plaintiff") is an adult female and is a resident of California. At all times relevant herein, Plaintiff was employed by Defendant G4S SECURE SOLUTIONS USA, INC.

2. Defendant G4S SECURE SOLUTIONS USA, INC., (hereinafter "Defendant" or "G4S") is a Corporation doing business in California with its principal place of business located at 1395 University Blvd. Jupiter FL 33458.

3. Defendant is the employer of the managers and supervisors herein complained of, and

1
**COMPLAINT**

supervising over Plaintiff, and therefore Defendant is liable for the discriminatory and harassing acts conducted by their agents, employees and supervisors, under the theory of Respondeat Superior.

4. At all times herein mentioned, the Employer Defendant qualified as "employers" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they each regularly employed five or more workers.

5. Plaintiff brings this action pursuant to and under the provisions of the Fair Employment and Housing Act, California Government Code §§ 12940, et seq. (hereinafter referred to as FEHA); California Constitution, Article I, § 1; and other common and statutory laws.

## JURISDICTION & VENUE

6. This Court has original jurisdiction over all causes of action in this complaint pursuant to 28 U.S.C. § 1332 because the Parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

7. Personal jurisdiction is proper in this district because all of the plaintiff's claims arise out of Defendant's purposeful contacts with the plaintiff in this district, and because the exercise of jurisdiction over the defendants is fair and reasonable.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff worked for Defendant in San Francisco County, and a substantial part of the events or omissions giving rise to this case occurred in San Francisco County.

**GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

10. In or about September 2017, Plaintiff started to work for Defendant as a Security Officer. Plaintiff worked at 111 Maiden Lane San Francisco. Plaintiff was paid $16.00 per hour.

11. Plaintiff was a full time Officer and her schedule was 15:00-23:00 Sundays-Thursdays. Plaintiff's supervisor was Megan Cheung.

12. Nina Travis was a top performer who received great reviews from her supervisor and was acting as a lead when supervisor Megan was absent.

13. Plaintiff was punctual and trained many oncoming officers.

14. On or about June 14, 2019, Plaintiff was in a terrible car accident. Plaintiff's ribs were broken. There were nerve and disc damage to her lower back causing burning and throbbing pain when she was walking. Plaintiff was put on leave of absence by her doctor who determined that she would need time off to heal.

15. Plaintiff always kept G4S informed of her current physical state and sent her supervisor Ms. Cheung several doctors' notes placing her off work. Plaintiff was sent leave of absence forms to be signed by Anna lee, HR Generalist.

16. Plaintiff took an unpaid leave for 1.5 years.

17. In or about October 2020, Plaintiff contacted Anna Lee about returning to work. Plaintiff continuously emailed Anna Lee without a response for weeks.

18. In or about November 2020, Anna Lee asked Plaintiff to interview for a temporary site. Plaintiff signed a wage agreement for the position, which was for $24 per hour. The position was a concierge/security position. Anna Lee, the scheduling manager told Nina she would find her a permanent position if the guard she was covering returned from leave of absence. Plaintiff worked at this position for two weeks. Plaintiff was led to believe she would have consistent work.

19. Anna Lee told Plaintiff that she didn't have any positions suitable for her disability. Plaintiff sent Anna Lee several jobs that matched her physical needs with G4S from indeed.com. After Plaintiff sent screen shots of suitable positions, Anna Lee no longer returned Nina Travis emails. Plaintiff has not heard anything from G4S since this conversation.

20. As a result of the above-mentioned incidents of discrimination, otherwise unlawful and outrageous conduct, Plaintiff has suffered severe and pervasive emotional distress and will present evidence of the same at trial in this action.

21. Within the time provided by law, Plaintiff made a complaint to the California Department of Fair Employment and Housing ("DFEH") against Defendants, and each of them. Plaintiff has received a right-to-sue letter from the DFEH.

//

# FIRST CAUSE OF ACTION
DISCRIMINATION BASED ON DISABILITY/MEDICAL CONDITION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.
[Against G4S]

22. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

23. At all times herein mentioned, G4S qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers. FEHA requires employers, such as G4S to refrain from discrimination against, and harassment of, an employee on the basis of their actual or perceived medical condition or disabilities, among other classifications.

24. At all times herein mentioned, Plaintiff was an employee of G4S.

25. Defendants knew or believed that Plaintiff had a medical condition/disability that limited her ability to work, among other activities.

26. G4S made decisions based on their knowledge and/or belief of Plaintiff's medical condition/disability which adversely affected Plaintiff in regards to the terms, conditions and privileges of employment. Such actions include, but are not limited to: (a) failing to accommodate Plaintiff's medical condition/disability; and (b) Plaintiff's termination.

27. Defendant's conduct was extreme and outrageous and was a substantial factor in causing Plaintiff's injuries, which include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

28. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendant and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

**SECOND CAUSE OF ACTION**
FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.
[Against G4S]

29. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

30. At all times herein mentioned, G4S qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

31. At all times herein mentioned, Plaintiff was an employee of G4S.

32. As stated supra, G4S knew that Plaintiff had medical condition/disabilities.

33. Plaintiff requested that G4S make reasonable accommodations for her medical conditions per doctor's notes.

34. G4S failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation(s) could be made, and that failure was a substantial factor in causing Plaintiff harm. Plaintiff's damages include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

35. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendant and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### THIRD CAUSE OF ACTION
FAILURE TO ACCOMMODATE IN VIOLATION OF CALIFORNIA
GOVERNMENT CODE §12940, ET SEQ.
[Against G4S]

36. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

37. At all times herein mentioned, G4S qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

38. At all times herein mentioned, Plaintiff was an employee of G4S.

39. As stated supra, G4S knew that Plaintiff had medical condition/disabilities that were required to be accommodated by law.

40. Plaintiff requested that G4S make reasonable accommodations for her condition per doctor's notes. G4S' grant of Plaintiff medical leave was hollow because it terminated Plaintiff when she was ready to return to work at the end of the leave.

41. G4S failed to participate in a timely discussion with Plaintiff to determine whether reasonable accommodation could be made, and that failure was a substantial factor in causing Plaintiff harm. Plaintiff's damages include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

42. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendant and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FOURTH CAUSE OF ACTION
WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
[Against G4S]

43. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

44. At all times relevant herein, Plaintiff was employed by G4S, until her termination in or about December 2020.

45. California has a fundamental, substantial, and well-established public policy, as expressed in FEHA, against discrimination in the workplace. G4S violated that important public policy by terminating Plaintiff, at least in part, because of Plaintiff's medical conditions/disabilities. Furthermore, G4S violated that policy by terminating Plaintiff, at least in part, because she requested for reasonable accommodations.

46. In or about December 2020, G4S terminated its employment relationship with Plaintiff by telling her that they didn't have any positions suitable for her disability even though there were several jobs openings posted on indeed.com that matched her physical needs. Plaintiff is informed and believes, and thereon alleges, that Plaintiff was terminated because of and in retaliation for Plaintiff's medical conditions and request for a reasonable accommodation.

47. Defendant's conduct was extreme and outrageous and was a substantial factor in causing Plaintiff's injuries, which include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

48. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendants and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff makes the following demand:

(a) That process be issued and served as provided by law, requiring Defendant to appear and answer or face judgment;

(b) For general, special, actual, compensatory and/or nominal damages against Defendant in an amount to be determined at trial;

(c) For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendant and others from engaging in the conduct described herein;

(d) For back and /or front pay and other benefits Plaintiff would have been afforded but-for Defendant's unlawful conduct;

(e) For costs and expenses of this litigation;

(f) For reasonable attorneys' fees, where applicable;

(g) For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and,

(h) For all such other and further relief as the nature of the case may require and the court deems appropriate and just.

Dated: August __9__, 2021           **Law Offices of Daniel Feder**

                                    /s/ Daniel L. Feder

                                    **DANIEL FEDER**
                                    Attorney for Plaintiff
                                    NINA TRAVIS

**DEMAND FOR JURY TRIAL**

Dated: August __9__, 2021           **Law Offices of Daniel Feder**

                                    /s/ Daniel L. Feder

                                    **DANIEL FEDER**
                                    Attorney for Plaintiff
                                    NINA TRAVIS